Brady, J.
The parties to this action were in negotiations for a lease of the premises, 483 Fifth avenue, which was distinguished by a correspondence as follows:
“New York, January 29, 1885.

‘'Mr. James McOreery:

“Dear Sir:—I will take your building 483 Fifth avenue, on a twenty-one years’ lease from May 1, 1885, to be altered, by you similar to the one Hume & Co. is now altering, and floors, etc., arranged as spoken about, etc., at the yearly rent of $5,250 for each year of the term net rent, no taxes, assessments, etc. Plans, etc., to be mutually agreed upon..
“Yours very respectfully, “MAX MAYBE.
“Building must be ready on May 1, 1885.”
*115 “New York, January 29, 1885.

“ Mr. Max Mayer:

“ Dear Sir:-—Yours of this date making me an offer on building No, 483 Fifth avenue, for a twenty-one years’ lease, has been received. I hereby accept your offer.
“ Very truly yours,
JAMES McCREERY.”
And the question arising upon this is whether the letters constitute a valid lease of the property named. This action was brought to enforce the performance of the agreement and resulted in a judgment in favor or the plaintiff and a reference to ascertain the damages. The premises had been used as a residence, but, as indicated by the correspondence were to be so altered as to fit them for business purposes and it was expressly stated that the plans were to be mutually agreed upon. They never were agreed upon, the defendant having before the consummation of that part of the agreement, declined to give the lease. It is well established that in order to constitute a contract the minds of the parties must meet and agree upon the terms by which it is to be characterized. If any part remains to be settled the agreement is incomplete. This is a fundamental principle, and is quite familiar. Brown v. N. Y. C. R. R., 44 N. Y., 79. In this case the parties intended that a lease should be entered into, it would appear from the correspondence when they had agreed upon certain matters, and what was to be done would seem to be of importance if not to the defendant at least to the plaintiff, for whose benefit or advantage the alterations were to be made.
It is said in Ridgway v. Wharton, 6 H. L., case 238 (303). “ An. agreement to be finally settled must comprise all the terms which the parties intended to introduce into the agreement. It is absurd to say that a man enters into an agreement till the terms of that agreement are settled. ”
It is in answer to these suggestions that the stipulation as to the alterations forms no part of the lease. But in this the respondent is regarded as mistaken. Suppose for example that when the parties met for the purpose of specifying the alterations in detail, and the respondent desired something which it was insisted was not embraced within the terms of the agreement so far as it was developed by the correspondence, and the defendant refused to submit; a circumstance which might occur, or vice versa; that would lead to difficulties or dissensions which an appeal to the contract itself as manifested by the letters would not decide.
It is also contended that “ Where the agreement is to build a house according to a plan, and to take a lease of it, the plaintiff may waive specific performance of that part *116 of the agreement relating to the building of the house, and may have damages for that part and specific performance of the rest of the agreement.”
And this proposition is founded upon a statement of the law by Addison on Contracts, vol. 2, p. 124, and Pomeroy on Specific Performance, § 151. But there is nothing in the case from which such an incident can be inferred, as that the respondant waived the right to have the alterations made in accordence with the correspondence, and was willing to take the lease without them. The rale as thus stated would seem to indicate the necessity of such a waiver, and as the renting of the premises was agreed upon with reference to the alterations, it is not at all probable that such a lease as that would have been accepted.
If the plaintiff were willing to do so, it seems but just that he should have given notice of that fact, to the appellant whose objection was predicated of obstacles which would prevent the making of the alterations as proposed.
No adjudicated case illustrative of the plaintiff’s right to recover upon elaborate examination has been discovered, and none has been cited directly in point, although the learned counsel for the plaintiff has displayed great ingenuity in the combination of propositions which might, perhaps, by exquisite refinement lead to the conclusion for which he contends.
The case Shaw v. The Republic Life Insurance Co. (69 N. 292), which is cited to sustain the doctrine that where there was a mutual agreement upon alterations, the necessity of the performance of them or other conditions, was waived by the defendant upon his refusal to perform, does not apply to this case, as an examination of it will show. The principle declared, though applicable to the controversy then before the court, finds no resting place, here for the reason that the facts and circumstances and the contract between the parties hereto are entirely different from that which was presented for consideration in that case.
For these reasons, it is thought that the judgment appealed from should be reversed and a new trial ordered, with costs to appellant, to abide event.
Van Brunt, J., concurs.